**In the Matter of JAMES HOTEL COMPANY, Debtor,**

v.

**OKLAHOMA BAR COMPANY,
Appellant.**
No. 72-1075.

United States Court of Appeals,
Tenth Circuit.
Aug. 8, 1972.

James E. Work, Oklahoma City, Okl. (Shirk, Withington, Work & Robinson, Oklahoma City, Okl., of counsel, with him on the brief), for appellant.

Lynn J. Bullis, Jr., Oklahoma City, Okl., for Stanton L. Young, Trustee of James Hotel Co., appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

SETH, Circuit Judge.

This action was commenced by the trustee of the James Hotel Company which had filed a petition under Chapter X of the Bankruptcy Act. The petition of the trustee sought an order of the court declaring a lease between the debtor and the Oklahoma Bar Company, the appellant, to be invalid. A responsive pleading was filed by the Oklahoma Bar Company, a hearing was held, the parties named appeared, and the issues were contested. The trial court thereafter found the lease to be invalid, and the Oklahoma Bar Company has taken this appeal.

The debtor has as its principal asset property known as the Skirvin Hotel located in Oklahoma City. The lease in question covers a portion of the ground floor of the hotel building adjacent to or part of the hotel lobby. The lease is dated September 21, 1971, and the petition under Chapter X of the Bankruptcy Act was signed by the debtor on September 27, 1971. The hotel space leased to the appellant was to be used as a "private club." Appellant had recently been incorporated and its charter was issued to it on September 21, 1971. Charles Roy McGehee was one of the incorporators and Otis Simmons was the other. The lease was signed by McGehee on behalf of the appellant, and at the time the lease was executed McGehee was also a director of the lessor-debtor. Mr. H. G. Griffin was president and sole stockholder of the debtor, and Mr. McGehee had been employed by Mr. Griffin for some considerable time theretofore in various capacities.

The record shows at the time the lease was executed, providing that the space was to be used as a private club, the debtor itself owned and operated a private club in another portion of the hotel. This was known as the Sun Suite Club, and was the only department or activity of the hotel which showed a profit, albeit a small one. It appears that under the law then prevailing in Oklahoma liquor could be dispensed by the drink at private clubs of the nature here concerned.

The trial court found that the club contemplated in the lease would be in direct competition with the club operated by the hotel; that the lease was made because "H. T. Griffin desired to help McGehee and Simmons." The court also found that it was "not an arm's length transaction and was detrimental to the debtor." Furthermore, the court found that the lease was executed in contemplation of the Chapter X proceedings, and that it was fraudulent as to the creditors of the debtor.

There is substantial evidence in the record to support the findings made by the trial court as to the lease. In reviewing the time sequence, it is apparent that the lease was made at a time when the Chapter X proceedings were imminent, and it further appears that Mr. McGehee, the president of Oklahoma Bar Company, had signed the corporate minutes of the debtor authorizing the execution of the petition under Chapter X. Furthermore, it is apparent from the record that the express purpose for which the space was to be used under the lease was an activity or business which was in direct competition with a similar activity being then and for some time theretofore conducted by the debtor. The record shows that the space covered by the lease was adjacent to the lobby of the hotel or part of it.

■ Under these circumstances, we affirm the conclusion of the trial court that the lease was invalid as a fraud on the creditors.

The appellant urges that the rental on the space was comparable to the going rate in the vicinity and the lease was not unconscionable for that reason. The appellant further argues that the issue is one of the rejection of executory contracts by the trustee of the landlord under section 70(b).

We do not consider the issue to be a matter of rejection, but instead in view of the unusual facts here present the matter is one involving a fraud upon the creditors of the debtor and upon the debtor itself. The inadequacy of consideration is demonstrated not by the rental, but by the creation of a competitive business within the hotel at a preferred location. The inadequacy is thus more in the granting of a business opportunity to an insider to the detriment of the debtor. As indicated, the timing of the events presents strong evidence of intention. The lease or conveyance under these circumstances can be set aside as the trial court did under 11 U.S.C. § 107(d). We so decided in Fish v. East, 114 F.2d 177 (10th Cir.).

■ The petition by the trustee sought only to have the lease declared invalid, and the hearing was directed to this issue. However, the trial court went further in granting relief and ordered that the Oklahoma Bar Company, Otis Simmons and Charles Roy McGehee "should pay any unpaid bills for materials furnished or labor performed for or on behalf of company [Oklahoma Bar Company] in connection with said purported lease and leased premises." The action of the trial court in directing the individuals to pay the unpaid bills is reversed, as such parties were not before the court and the issues framed did not relate to the matter of possible liens against the premises. That portion of the judgment of the trial court as to expenses or bills is likewise set aside as to the Oklahoma Bar Company by reason of the fact that the issue was not before the court. This matter of unpaid bills and the possible problem of liens

raises issues which can properly be considered hereinafter by the trustee.

Therefore, the judgment is affirmed as to the cancellation of the lease and the award of possession to the trustee. But the judgment is reversed insofar as it ordered unpaid bills for materials or labor to be paid by the Oklahoma Bar Company, Otis Simmons, and Charles Roy McGehee, and it is so ordered. The case is remanded for further proceedings in accordance herewith.